

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ECTOR COUNTY AND ECTOR COUNTY SHERIFF'S OFFICE, | § | No. 08-22-00127-CV |
| | § | Appeal from the |
| Appellants, | | |
| | § | 161st Judicial District Court |
| v. | | |
| | § | of Ector County, Texas |
| HENRY GRACE, | | |
| | § | (TC# B-19-11-1524-CV) |
| Appellee. | | |

## **O P I N I O N**

This interlocutory appeal arises from the denial of a plea to the jurisdiction. Appellee, Henry Grace, alleged he was injured during his apprehension for evading arrest or detention by an Ector County Sheriff's Office deputy. Grace subsequently sued Ector County and the Ector County Sheriff's Office (collectively Appellants) for negligence under the Texas Tort Claims Act (TTCA). Appellants responded with a traditional and no-evidence motion for summary judgment and a plea to the jurisdiction, asserting Grace's claim was barred by sovereign immunity under the TTCA. The trial court denied the summary-judgment motion by written order. In one issue on appeal, Appellants challenge the trial court's denial of their plea to the jurisdiction and summary-judgment motion, arguing that Grace's claim should have been dismissed because Appellants' immunity

under the TTCA had not been waived. For the following reasons, we reverse the trial court's order denying summary judgment and render judgment dismissing Grace's claim.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to Grace's petition, during the late evening hours of November 27, 2017, Grace was travelling on his motorcycle in Odessa, Texas, when he noticed a police vehicle following him. After Deputy Alderman followed Grace "for quite some time," he activated the patrol vehicle's emergency lights, but Grace, who did not know that he had violated any traffic rules, continued to drive. When Grace turned onto another street and Deputy Alderman kept following him, Grace "became afraid at that point and tried to get away from the patrol unit." During the ensuing chase, which lasted nearly seven minutes, Deputy Alderman repeatedly bumped the rear tire of Grace's motorcycle, which almost caused a loss of control and caused Grace to become more afraid and continue to drive away. Deputy Alderman also told Grace over the patrol vehicle's loudspeaker that he was going to run Grace over. Grace claimed that after he "stalled" the motorcycle, Deputy Alderman "hit and ran over the [motorcycle] causing [Grace] to crash and fall hard to the ground," resulting in Grace's injuries. Grace was arrested for evading detention or arrest with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B).

Grace sued Appellants by an unverified petition, alleging a claim for "negligence" that we enumerate in below. Appellants responded by filing a plea to the jurisdiction, arguing that sovereign immunity under the TTCA barred Grace's claim. Appellants simultaneously filed a combined traditional and no-evidence motion for summary judgment that likewise asserted Grace's claims were barred by sovereign immunity. Attached to the summary-judgment motion

---

[1] This case was transferred from our sister court in Eastland, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

were a dashcam video of the chase and Deputy Alderman's official report concerning the incident. Appellee neither objected to this evidence nor offered any of his own. Following a hearing on Appellants' plea to the jurisdiction and motion for summary judgment, the trial court entered an "Order Denying Defendants' Traditional and No-Evidence Motion for Summary Judgment," having found "that fact questions exist in the issues raised by such [m]otion." However, the court did not enter an oral or written order expressly ruling on Appellants' plea to the jurisdiction. This interlocutory appeal followed.

Appellants challenge the denial of their plea to the jurisdiction and summary-judgment motion, arguing the trial court lacked jurisdiction because the TTCA did not waive immunity for Grace's claim. Grace never filed a responsive appellate brief; therefore, we proceed on the record before us and Appellants' brief.

## II. LACK OF ORDER DENYING PLEA TO THE JURISDICTION

As a preliminary matter, we address whether we have jurisdiction to consider this appeal despite the lack of order denying the plea to the jurisdiction.[2] *See State v. Lueck*, 290 S.W.3d 876, 880–81 (Tex. 2009) (an appellate court's jurisdiction is a threshold matter). Appellants contend that this Court has jurisdiction pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8), which provides for interlocutory appeals from the grant or denial of a plea to the jurisdiction filed by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *see Lazarides v. Farris*, 367 S.W.3d 788, 796 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

As noted above, the trial court did not expressly grant or deny Appellants' plea to the jurisdiction but instead denied their summary-judgment motion in which Appellants raised the

---

[2] Although Appellants do not squarely address the issue regarding a lack of denying order in their brief, we may raise jurisdictional issues such as this one sua sponte. *See Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015).

same jurisdictional arguments. "When the record does not contain an order granting or denying a plea to the jurisdiction, but does include an order denying a motion for summary judgment in which the movant challenged the trial court's jurisdiction, an interlocutory appeal may be taken under subsection (a)(8) irrespective of the selected procedural vehicle." *Lazarides*, 367 S.W.3d at 796–97 (citing *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006)). Thus, although the trial court did not expressly rule on Appellants' plea to the jurisdiction, we nonetheless retain jurisdiction to review the trial court's denial of summary judgment on the basis by which Appellants challenged the trial court's subject-matter jurisdiction. *See id.* (appellate court had jurisdiction to consider trial court's order denying a party's motion for summary judgment on jurisdictional grounds in the absence of order expressly ruling on the party's plea to the jurisdiction raising the same jurisdictional arguments).

## III. SUMMARY JUDGMENT

Having determined that we have jurisdiction to decide this appeal, we consider Appellants' argument that they were entitled to summary judgment because they had immunity from Grace's claim under the TTCA.

### A. Standard of Review

We review de novo the jurisdictional challenges in Appellants' summary-judgment motion. *See Long*, 207 S.W.3d at 339–40. A summary-judgment motion challenging jurisdiction may challenge either the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226–27 (Tex. 2004). When the motion challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *See id.* at 227. If the evidence presents a fact question regarding a jurisdictional issue, the trial court is precluded from granting summary judgment on the

jurisdictional challenge and fact issues will be resolved by the factfinder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a genuine fact issue regarding the jurisdictional challenge, the trial court should grant summary judgment as a matter of law. *Id.* at 228.

Here, Appellants filed a combined traditional and no-evidence motion for summary judgment. When a party with the burden of proof moves for traditional summary judgment, that party "bears the burden to conclusively establish that [it] is entitled to judgment as a matter of law, notwithstanding the nonmovant's response or lack thereof." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258-59 (Tex. 2020) (citing TEX. R. CIV. P. 166a(c)). A matter is conclusively established when "reasonable people could not differ in their conclusions[.]" *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *see also Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982) (a matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence).

A no-evidence motion for summary judgment is similar to a pre-trial motion for directed verdict. *See Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021) (citing TEX. R. CIV. P. 166a(i)). The motion must state the elements as to which the movant believes there is no evidence. TEX. R. CIV. P. 166a(i). "A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence rises to the level that would enable reasonable and fair-minded people to differ in their conclusions," while less than a scintilla exists "when the

5

evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *King Ranch*, 118 S.W.3d. at 751 (internal quotation marks omitted); *see also Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600–01 (Tex. 2004).

When, as here, a party moves for both traditional and no-evidence summary judgment, we first consider the no-evidence motion. *Ford Motor Co.*, 135 S.W.3d at 600.

## B. Waiver of immunity under the TTCA

Sovereign immunity generally shields the State, its agencies, and its officials from lawsuits unless the Legislature waives immunity. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). Texas recognizes two threads of immunity: (1) immunity from suit, even when the government entity's liability is not disputed; and (2) immunity from liability, even though the government entity has consented to the suit. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). Here, we address immunity from suit, which implicates a trial court's subject-matter jurisdiction. *Id.* A plaintiff shoulders the burden of alleging facts establishing that the trial court has subject-matter jurisdiction over its claims, i.e., that a governmental defendant's immunity from suit has been waived. *See Sepulveda v. County of El Paso*, 170 S.W.3d 605, 610 (Tex. App.—El Paso 2005, pet. denied), citing *Texas Assoc. of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

The Texas Tort Claims Act provides a limited waiver of sovereign immunity. *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014) (per curiam). The TTCA waives immunity for claims for acts of negligence arising out of a governmental employee's negligent operation or use of a motor vehicle but does not waive immunity for any intentional tort, including battery. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(1), 101.057(2); *City of Watauga v. Gordon*, 434 S.W.3d 586, 587 (Tex. 2014).

In *City of Watauga v. Gordon*, the Texas Supreme Court examined the delineation between a negligence claim and a battery claim in the context of police officers' use of force during an arrest and whether an arrestee could sue under the TTCA. 434 S.W.3d at 587–88. There, officers stopped a motorist for suspicion of driving while intoxicated and placed him under arrest. *Id.* at 588. The motorist sued the City of Watauga for negligent use of property, alleging injuries to his wrists caused by the officers' handcuffs that had been placed too tightly. *Id.* The trial court denied the City's plea to the jurisdiction on the ground that the City was immune from suit under the intentional-tort exception in § 101.057(2). The Supreme Court ultimately dismissed the motorist's claims, holding that the City's immunity had not been waived for the claims because they sounded in an intentional tort (battery) instead of negligence. *Id.* at 593–94. In so doing, the court recognized the distinction between negligence and battery claims and noted that the "gravamen of [the motorist's] complaints against the City is that its police officers used excessive force in effecting his arrest. Claims of excessive force in the context of a lawful arrest arise out of a battery rather than negligence, whether the excessive force was intended or not." *Id.*

**B. Grace's claim is barred by the TTCA**

The question of whether Appellants' immunity here is waived under the TTCA turns on whether Grace's claim sounds in negligence or an intentional tort. *See id.* In his unverified petition, Grace alleged that Deputy Alderman's patrol vehicle "bumped the rear tire of the motorcycle, almost causing a complete loss of control and further frightening [Grace]. . . . [Grace] at one point began to stall, and the Deputy hit and ran over the bike causing [Grace] to crash and fall hard to the ground, resulting in injuries and damages to [him]." He further alleged that Deputy Alderman "can be heard to repeatedly say [that] he was going to run over [Grace]. His actions were excessive

7

and placed [Grace] in extreme danger … [and] resulted in the injuries and damages sustained by [Grace]." And under the heading "Negligence," Grace alleged that

> At the time and on the occasion in question, the deputy of the Ector County Sheriff's [O]ffice failed to use ordinary care in exercising his responsibilities while working for the Ector County Sheriff's Office and thus Ector County in one or more of the following particulars:
>
> (a) He failed to keep a proper lookout;
>
> (b) He failed to timely apply his brakes;
>
> (c) He failed to perform an evasive action to avoid colliding with [Grace's] vehicle in front of him;
>
> (d) He failed to use due caution;
>
> (e) He failed to yield the right of way where [Grace's] vehicle was located;
>
> (f) He failed to control his speed colliding into [Grace's motorcycle] in front of him;
>
> (g) He used excessive force when administering his duties; and
>
> One or more of the above acts and/or omissions constitutes negligence and as such was a proximate cause of the collision and injuries in question.

Although Grace framed his claim as sounding in negligence, at least in part, his factual allegations that Deputy Alderman struck and ran over his motorcycle and frightened him, along with the allegation that Deputy Alderman "used excessive force" during the encounter, place his claim within the realm of intentional torts. Because Grace does not allege a distinct negligence claim that does not arise out of an intentional tort, we conclude that his claim is barred by the intentional-tort exception to the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. 101.057(2); *Gordon*, 434 S.W.3d at 594. Thus, the trial court erred by denying Appellants' motion for summary judgment on this basis.

**C. Even if the TTCA did not bar Grace's claim, he failed to produce more than a scintilla of evidence to raise a genuine issue of material fact**

Even if Grace's claim was not barred, it would still fail because he has not produced more than a mere scintilla of evidence in response to Appellants' no-evidence motion for summary judgment. *See King Ranch*, 118 S.W.3d at 751. In the trial court, Appellants attached to their summary-judgment motion the dashcam video recording of the chase and Deputy Alderman's report explaining the events in the video. Grace did not object to the officer's report and he produced no evidence in the trial court to controvert Appellants' evidence, but instead relied solely upon the dashcam footage to raise a fact issue. And on appeal, Grace has not filed any responsive appellate briefing or arguments.

Our review of the dashcam footage indicates that the moment of the collision is out of frame of the video; as such, it is unclear whether Deputy Alderman struck Grace's motorcycle with the patrol vehicle or Grace struck Deputy Alderman's patrol vehicle with his motorcycle. The dashcam evidence does nothing more than create a "mere surmise" that Deputy Alderman struck Grace; leaving jurors to guess this fact legally amounts to no evidence. *See Ford Motor Co.*, 135 S.W.3d at 601 (asserting that "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence") (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). And although we typically disregard evidence contrary to the nonmovant's position, here, we cannot ignore the only other evidence contextualizing the dashcam footage—Deputy Alderman's report and account of what occurred. *See City of Keller*, 168 S.W.3d at 811–12. Deputy Alderman's report stated that Grace ran his motorcycle into the patrol vehicle, not the other way around; this report places the dashcam video in context by establishing what the video

could not. *See id.* As Grace did not testify, did not present any other summary-judgment evidence, did not raise any objections to the police report in the trial court, and without briefing, we are left to conclude that any purported negligence claim would fail because less than a scintilla of evidence exists in response to Appellants' no-evidence motion.

## V. CONCLUSION

We reverse the trial court's order denying Appellants' plea to the jurisdiction and render judgment dismissing Grace's claims for lack of subject-matter jurisdiction.


LISA J. SOTO, Justice

February 21, 2023

Before Rodriguez, C.J., Soto, J., Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (sitting by assignment)